IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY GODFREY, | Cause No. CV 20-132-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSON, | |
| Respondent. | |

Tracey Godfrey, a state prisoner proceeding pro se, has filed another challenge to the 60-year state sentence imposed in 2013, this time as a Rule 60 motion.

Generally, a petitioner has only one full and fair opportunity to challenge a state court judgment of conviction, absent very limited circumstances. See e.g., *U.S. v. Barrett*, 178 F. 3d 34, 57 (1st Cir. 1999);[1] see also, 28 U.S.C. § 2244(b) (prohibiting the filing of second or successive petitions); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)(district court lacks jurisdiction to hear a second

---

[1] "There is only one bite at the post-conviction apple unless a second or successive petition can show one of two things: a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or newly discovered evidence sufficient to establish by clear and convincing evidence, on the whole record, that no reasonable factfinder would have returned a guilty verdict. A claim of actual innocence—defined as factual innocence, not mere legal insufficiency—will have a mechanism for review."

or successive petition absent authorization from the Circuit Court).  In 2014, Godfrey filed a petition for writ of habeas corpus.  That matter was denied on the merits.  See, *Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. May 5, 2014).  In 2019, Godfrey filed a Rule 60 motion seeking to set aside this Court's judgment.  See, *Id.*, Pet. Mtn. (filed March 11, 2019).  Godfrey's motion was dismissed.  *Id.*, Or.  (D. Mont. March 26, 2019).  In the interim, despite being provided a full review of his claims, and being advised of this Court's lack of jurisdiction, Godfrey has filed ten successive challenges the same 2013 state court conviction.[2]  Godfrey's abuse of the writ and unnecessary use of this Court's time and resources must come to an end.

This matter is dismissed.  Absent authorization from the Ninth Circuit to file a second and/or successive petition, no further filings from Godfrey challenging his 2013 state court sentence will be accepted.

A certificate of appealability is denied, because there is no doubt this Court

---

[2] See, *Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. June 12, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, No. CV 14-190-M-DLC (D. Mont. June 20, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, No. CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (petition dismissed); *Godfrey v. Guyer*, No. CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, No. CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-20-20-M-DLC (D. Mont. March 5, 2020)(dismissed for lack of jurisdiction); *Godfrey v. Salmonson*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020)(dismissed for lack of jurisdiction; *Godfrey v. Salmonson,* CV-20-122-M-DWM (D. Mont. Aug. 20. 2020)(Rule 60 motion denied).

lacks jurisdiction. Transfer to the Court of Appeals is not in the interest of justice, *see* 28 U.S.C. § 1631, because Godfrey is well aware of the requirements that apply to second or successive applications.

    Accordingly, IT IS HEREBY ORDERED as follows:

    1. This matter is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

    2. Unless Godfrey contemporaneously provides an authorization from the Circuit permitting a second/successive petition, the Clerk of Court shall accept no further filings from Godfrey challenging his 2013 state court conviction. If no authorization is provided, future documents from Godfrey will be discarded by the Clerk and will not be considered by the Court.

    3. A certificate of appealability is DENIED.

    4. This action is CLOSED. No further documents may be filed.

DATED this 8th day of October, 2020.

                                    */s/ Dana L. Christensen*
                                    Dana L. Christensen
                                    United States District Court